UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| XIAO YE BAI,<br><br>　　　　　Petitioner,<br>　v.<br>STATE OF NEVADA, *et al.*,<br><br>　　　　　Respondents. | Case No. 2:20-cv-02042-KJD-NJK<br><br>**ORDER** |

　　　　Petitioner Xiao Ye Bai, a *pro se* Nevada prisoner, commenced this habeas action by filing a Petition for Writ of Habeas Corpus (ECF No. 1-1). This habeas matter is before the Court for consideration of Bai's Motion for Appointment of Counsel (ECF No. ) as well as initial review under the Rules Governing Section 2254 Cases.[1]

　　　　Pursuant to Habeas Rule 4, the assigned judge must examine the habeas petition and order a response unless it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019). This rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, false, or plagued by procedural defects. *Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998); *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases).

　　　　Bai challenges a conviction and sentence, pursuant to jury trial, imposed by the Eighth Judicial District Court for Clark County ("state court"). *State of Nevada v. Bai*, Case No. 09C259754-2.[2] On March 13, 2013, the state court entered a judgment of conviction for conspiracy to commit kidnapping, first-degree kidnapping, extortionate collection of a debt,

---

[1] All references to a "Habeas Rule" or the "Habeas Rules" in this order identify the Rules Governing Section 2254 Cases in the United States District Courts.

[2] The Court takes judicial notice of the online docket records of the Eighth Judicial District Court and Nevada appellate courts. The docket records may be accessed by the public online at: https://www.clarkcountycourts.us/Anonymous/default.aspx and http://caseinfo.nvsupremecourt.us/public/caseSearch.do.

extortion, conspiracy to commit murder, burglary while in possession of a deadly weapon, first-degree murder with the use of a deadly weapon, and two counts of attempted murder with the use of a deadly weapon. The Nevada Supreme Court affirmed Bai's conviction. In December 2016, Bai filed a state petition for writ of habeas corpus. The state court denied post-conviction relief. Bai filed a post-conviction appeal. The Nevada Supreme Court affirmed the denial of relief in October 2020, and a remittitur issued the following month.

On November 5, 2020, Bai initiated this federal habeas corpus proceeding *pro se*. The Court instructed him to resolve the filing fee, and he timely complied. (ECF Nos. 4, 5.) His petition alleges three claims for relief under the United States Constitution. Having conducted an initial review, the Court will direct service of the petition and a response.

Turning to Bai's motion for appointment of counsel, there is no constitutional right to appointed counsel in a federal habeas corpus proceeding. *Luna v. Kernan*, 784 F.3d 640, 642 (9th Cir. 2015) (citing *Lawrence v. Florida*, 549 U.S. 327, 336–37 (2007)). An indigent petitioner may request appointed counsel to pursue that relief. 18 U.S.C. § 3006A(a)(2)(B). The decision to appoint counsel is generally discretionary. *Id.* (authorizing appointed counsel "when the interests of justice so require"). *Id.* § 3006A(a)(2). However, counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is so uneducated that he is incapable of fairly presenting his claims. *LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987); *Brown v. United States*, 623 F.2d 54, 61 (9th Cir. 1980). When a petitioner has a good understanding of the issues and the ability to present his contentions forcefully and coherently, no attorney is legally required. *LaMere*, 827 F.2d at 626.

The petition in this case appears sufficiently clear in presenting the issues that Bai wishes to raise, and the legal issues are not particularly complex. He has demonstrated sufficient ability to write and articulate his claims, submitted numerous filings, and followed the Court's instructions to resolve the filing fee. The Court appreciates that it is difficult for *pro se* petitioners to pursue their habeas claims and almost every *pro se* party would benefit from representation by counsel. However, Bai has made no showing as to why denial of counsel would amount to a denial of due process. As such, the motion is denied.

**IT IS THEREFORE ORDERED:**

1. Petitioner Xiao Ye Bai's Motion for Appointment of Counsel (ECF No. ) is DENIED.

2. The Clerk of Court is directed to file the petition (ECF No. 1-1).

3. The Clerk of Court is instructed to add Nevada Attorney General Aaron D. Ford as counsel for Respondents and electronically serve the Nevada Attorney General with a copy of the petition and this order.

4. Respondents will have **60 days** from the date the petition is electronically served to appear in this action and answer or otherwise respond to the petition.

5. If Respondents file an answer to the petition, Bai may file a reply within **60 days** from the date the answer is filed and served.  If Respondents file a motion to dismiss instead of an answer, the parties will brief the motion in accordance with LR 7-2 and 7-3 of the Local Rules of Practice.

6. Any procedural defenses Respondents raise in this case must be raised together in a single consolidated motion to dismiss.  Procedural defenses omitted from such motion to dismiss may be subject to waiver.  Respondents will not file a response in this case that consolidates their procedural defenses, if any, with their response on the merits, except pursuant to 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit.  If Respondents seek dismissal of unexhausted claims under § 2254(b)(2), they must do so within the single motion to dismiss, not in the answer, and specifically direct their argument to the standard for dismissal under § 2254(b)(2) as set forth in *Cassett v. Stewart*, 406 F.3d 614, 623–24 (9th Cir. 2005).  In short, no procedural defenses, including exhaustion, will be included with the merits in an answer.  All procedural defenses, including exhaustion, instead must be raised by motion to dismiss.

7. In any answer filed on the merits, Respondents must specifically cite to and address the applicable state court written decision and state court record materials, if any, regarding each claim within the response as to that claim.

8. Respondents must file the state court exhibits relevant to their response to the petition, in chronological order.

9. All state court records and exhibits must be filed in accordance with LR IA 10-3 and LR IC 2-2 and include a separate index identifying each exhibit by number or letter. The index must be filed in CM/ECF's document upload screen as the base document to receive the base docket number (*e.g.*, ECF No. 10). Each exhibit must then be filed as "attachments" to the base document—the index—to receive a sequenced sub-docket number (*e.g.*, Exhibit A (ECF No. 10-1), Exhibit B (ECF No. 10-2), Exhibit C (ECF No. 10-3), and so forth). If the exhibits will span more than one filing, the base document in each successive filing must be either a copy of the index or volume cover page. *See* LR IC 2-2(a)(3)(A).

10. Notwithstanding LR IC 2-2(g), paper copies of any electronically filed exhibits *need not* be provided to chambers or to the staff attorney, unless later directed by the court.

DATED: December 2, 2020

KENT J. DAWSON
UNITED STATES DISTRICT JUDGE