# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| XIAO YE BAI, | Case No. 2:20-cv-02042-KJD-NJK |
| Petitioner, | |
| v. | **ORDER** |
| STATE OF NEVADA, *et al.*, | |
| Respondents. | |

This habeas matter is before the Court on Petitioner Xiao Ye Bai's Motion for Reconsideration of Appointment of Counsel (ECF No. 9) ("Reconsideration Motion"). Respondents do not oppose the motion. (ECF No. 11.) For the reasons discussed below, Bai's Reconsideration Motion is granted.

Bai's petition challenges a conviction and sentence imposed by the Eighth Judicial District Court for Clark County ("state court") in March 2013 pursuant to a jury trial. *State of Nevada v. Bai*, Case No. 09C259754-2.[1] The Nevada Supreme Court affirmed Bai's conviction. *Bai v. State of Nevada*, 131 Nev. 1250, 2015 WL 5735189 (Sept. 28, 2015) (unpublished). The order of affirmance indicates that multiple court interpreters were required for Bai's trial and the state court removed one juror, who was a Mandarin and Cantonese interpreter, after the juror became frustrated with the court interpreters and blurted out his own translation of a witness's testimony.

On December 2, 2020, this Court entered an order serving Bai's petition on Respondents and directing them to file an answer or otherwise respond within 60 days. (ECF No. 8.) The order also denied Bai's Motion for Appointment of Counsel (ECF No. 1-2) because the petition "appears sufficiently clear in presenting the issues that Bai wishes to raise, and the legal issues are not particularly complex. He has demonstrated sufficient ability to write and articulate his claims,

---

[1] The Court takes judicial notice of the online docket records of the Eighth Judicial District Court and Nevada appellate courts. The docket records may be accessed by the public online at:
https://www.clarkcountycourts.us/Anonymous/default.aspx and
http://caseinfo.nvsupremecourt.us/public/caseSearch.do.

1  submitted numerous filings, and followed the Court's instructions to resolve the filing fee." (*Id.*
2  at 2.)  Bai filed the Reconsideration Motion five days later.

3  The Reconsideration Motion states that Bai was born in China, his only education was in
4  a military athletic school, and his filings in this case were written with the assistance of another
5  inmate.  (ECF No. 9 at 2.)  Given his limited education, understanding of the law, and the
6  complexity of this case, Bai once again asks for appointed counsel.

7  There is no constitutional right to appointed counsel in a federal habeas corpus proceeding.
8  *Luna v. Kernan*, 784 F.3d 640, 642 (9th Cir. 2015) (citing *Lawrence v. Florida*, 549 U.S. 327,
9  336–37 (2007)).  An indigent petitioner may request appointed counsel to pursue that relief.  18
10  U.S.C. § 3006A(a)(2)(B).  The decision to appoint counsel is generally discretionary.  *Id.*
11  (authorizing appointed counsel "when the interests of justice so require").  *Id.* § 3006A(a)(2).
12  However, counsel must be appointed if the complexities of the case are such that denial of counsel
13  would amount to a denial of due process, and where the petitioner is so uneducated that he is
14  incapable of fairly presenting his claims.  *LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987);
15  *Brown v. United States*, 623 F.2d 54, 61 (9th Cir. 1980).

16  Upon review of the Nevada Supreme Court's order of affirmance, as well as the details
17  provided in the Reconsideration Motion, the Court finds that a denial of counsel would amount to
18  a denial of due process considering Bai's limited education, inability to articulate his claims
19  without inmate assistance, and lengthy prison sentence.  In particular, the use of multiple court
20  interpreters at Bai's trial and his English language limitations show that this is a complex case and
21  inmate assistance is unlikely to prevent the denial of due process.  The Court thus grants the
22  Reconsideration Motion and provisionally appoints the Federal Public Defender's Office as
23  counsel.  Accordingly, Respondents' response deadline is vacated and a briefing schedule will be
24  entered after counsel appears for Bai.

25  **IT IS THEREFORE ORDERED:**

26  1. Petitioner Xiao Ye Bai's Motion for Reconsideration of Appointment of Counsel (ECF
27      No. 9) is GRANTED.

28  2. The deadline for Respondents to respond to Bai's Petition for Writ of Habeas Corpus

(ECF No. 7) is VACATED pending further order of the Court.

3. The Federal Public Defender is provisionally appointed as counsel and will have 30 days to undertake direct representation of Bai or to indicate the office's inability to represent Bai in these proceedings. If the Federal Public Defender is unable to represent Bai, the Court will appoint alternate counsel. The counsel appointed will represent the petitioner in all federal proceedings related to this matter, including any appeals or *certiorari* proceedings, unless allowed to withdraw. A deadline for the filing of an amended petition and/or seeking other relief will be set after counsel has entered an appearance. The Court anticipates a deadline of approximately 90 days from entry of the formal order of appointment.

4. Any deadline established and/or any extension thereof will not signify any implied finding of a basis for tolling during the time period established. Bai remains responsible at all times for calculating the running of the federal limitation period and timely presenting claims. That is, by setting a deadline to amend the petition and/or by granting any extension thereof, the Court makes no finding or representation that the petition, any amendments thereto, and/or any claims contained therein are not subject to dismissal as untimely. *See Sossa v. Diaz*, 729 F.3d 1225, 1235 (9th Cir. 2013).

5. The Clerk of Court will send a copy of this order to the *pro se* petitioner, the Federal Public Defender, and the CJA Coordinator for this division.

DATED: January 15, 2021

_____
KENT J. DAWSON
UNITED STATES DISTRICT JUDGE