# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| XIAO YE BAI,<br><br>　　　　Petitioner,<br>　v.<br>STATE OF NEVADA, *et al.*,<br><br>　　　　Respondents. | Case No. 2:20-cv-02042-KJD-NJK<br><br>**ORDER** |

　　　　Following the Notice of Appearance (ECF No. 13) by the Federal Public Defender on behalf of Petitioner Xiao Ye Bai, this habeas matter is before the Court on Bai's Motion for Leave to File First Amended Petition (ECF No. 14) and Motion for Scheduling Order (ECF No. 15).

　　　　Bai's *pro se* Petition for Writ of Habeas Corpus (ECF No. 7) challenges a 2013 conviction and sentence imposed by the Eighth Judicial District Court for Clark County. *State of Nevada v. Bai*, Case No. 09C259754-2. On December 2, 2020, this Court entered an order serving Bai's petition on Respondents and denying Bai's first request for appointed counsel. (ECF No. 8.) Bai moved for reconsideration days later. (ECF No. 9) The Court granted his motion and provisionally appointed the Federal Public Defender's Office as counsel. (ECF No. 12.) The order also vacated Respondents' response deadline and noted that a briefing schedule would be entered once counsel accepted an appointment. (*Id.*)

　　　　Although a scheduling order has yet to be entered, Bai's motions seek leave to promptly file a protective first amended petition to ensure his potential claims have been properly presented to this Court as early as reasonably possible since the federal limitations period may soon expire.[1] He requests that the forthcoming scheduling order allow him to file a second amended petition that will reflect counsel's thorough review, investigation, and research.

　　　　The motions essentially seek to pursue a "two-step" procedure whereby Bai: (a) files an

---

[1] The Court expresses no opinion as to the putative expiration date of the limitation period in this case.

initial counseled amended petition preserving all then-known claims potentially free of possible relation-back or timing issues; and (b) thereafter potentially files a second amended petition after federal habeas counsel has had a full opportunity to independently investigate all potential claims. *See, e.g.*, *McMahon v. Neven*, No. 2:14-cv-00076-APG-CWH, ECF No. 29 (D. Nev., May 29, 2014) (explaining the Court's rationale in allowing a bifurcated amendment procedure in habeas cases where the limitation period potentially may expire before federal habeas counsel would be able to conduct a complete investigation). The Court finds that Bai has shown good cause to utilize the two-step procedure here and therefore grants his motions.

**IT IS THEREFORE ORDERED:**

1. The Federal Public Defender, through Jonathan Kirshbaum, Esq., is formally appointed as counsel for Petitioner Xiao Ye Bai pursuant to 18 U.S.C. § 3006A(a)(2)(B). Counsel will represent Bai in all federal proceedings related to this matter, including any appeals or certiorari proceedings, unless allowed to withdraw.

2. Bai's Motion for Leave to File First Amended Petition (ECF No. 14) and Motion for Scheduling Order (ECF No. 15) are GRANTED.

3. The Clerk of Court is directed to FILE the first amended petition (ECF No. 14-1) with the filing date of January 25, 2021, and UPDATE the docket to reflect that "Calvin Johnson, Warden" is now the named respondent in this action.

4. Bai will have until **April 26, 2021**, to file a second amended petition and/or seek other appropriate relief. This deadline and any extension thereof may not be construed as implied findings regarding the federal limitation period or a basis for tolling. Bai at all times remains responsible for calculating the running of the federal limitation period and timely asserting claims, without regard to any court-ordered deadlines or extensions. Thus, a petition or amended petition filed within a court-ordered deadline may still be dismissed as untimely if it violates the statute of limitations. *See Sossa v. Diaz*, 729 F.3d 1225, 1235 (9th Cir. 2013).

5. Respondents are not required to respond to the first amended petition at this time:

    a. If Bai choses to file a second amended petition, Respondents must file a

      response within **60 days** of service of a second amended petition; or

    b. If Bai chooses *not* to file a second amended petition, Respondents must, within **60 days** of the expiration of the time to do so, file a response to the first amended petition.

6. Bai may file a reply within **30 days** of service. However, LR 7-2(b) will govern the response and reply time to any motion filed by either party, including motions filed in lieu of a pleading.

7. Any procedural defenses Respondents raise to the counseled amended petition must be raised together in a single, consolidated motion to dismiss. Successive motions to dismiss will not be entertained, and any procedural defenses omitted from the consolidated motion to dismiss will be waived. Respondents may not file a response that consolidates their procedural defenses, if any, with their response on the merits. But arguments that an unexhausted claim clearly lacks merit may be included a procedural-defense response. If Respondents seek dismissal of unexhausted claims under 28 U.S.C. § 2254(b)(2) they must: (1) do so in a single motion to dismiss, not in the answer; and (2) specifically direct their argument to the standard for dismissal under § 2254(b)(2) as set forth in *Cassett v. Stewart*, 406 F.3d 614, 623–24 (9th Cir. 2005). In short, no procedural defenses, including exhaustion, may be included with the merits in an answer. All procedural defenses, including exhaustion, must be raised in a single motion to dismiss.

8. In any answer filed on the merits, Respondents must specifically cite to and address the applicable state court written decision and state court record materials, if any, regarding each claim within the response as to that claim.

9. Respondents must file the state court exhibits relevant to their response in chronological order.

10. All state court records and related exhibits must be filed in accordance with LR IA 10-3 and LR IC 2-2 and include a separate index identifying each exhibit by number or letter. The index must be filed in CM/ECF's document upload screen as the base

document to receive the base docket number (*e.g.*, ECF No. 10). Each exhibit must then be filed as "attachments" to the base document to receive a sequenced sub-docket number (*e.g.*, Exhibit A (ECF No. 10-1), Exhibit B (ECF No. 10-2), Exhibit C (ECF No. 10-3), and so forth). If the exhibits will span more than one filing, the base document in each successive filing must be either a copy of the index or volume cover page. *See* LR IC 2-2(a)(3)(A).

11. Notwithstanding LR IC 2-2(g), paper copies of any electronically filed exhibits need not be provided to chambers or to the staff attorney, unless later directed by the court.

DATED: January 25, 2021

_____
KENT J. DAWSON
UNITED STATES DISTRICT JUDGE