# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| XIAO YE BAI, | Case No. 2:20-cv-02042-KJD-NJK |
| Petitioner, | |
| v. | **ORDER** |
| CALVIN JOHNSON, *et al.*, | |
| Respondents. | |

    This habeas matter is before the Court on Respondents' Motion to Dismiss (ECF No. 53). Petitioner Xiao Ye Bai filed his Opposition (ECF No. 55) and Respondents replied (ECF No. 65). Also before the Court is Respondents' Motion for Leave to file Exhibit under Seal (ECF No. 51). For the reasons discussed below, Respondents' motion to dismiss is denied and Respondents' motion for leave to file exhibit under seal is granted.

## Background

    Bai challenges a conviction and sentence, pursuant to jury trial, imposed by the Eighth Judicial District Court for Clark County ("state court"). *State of Nevada v. Bai*, Case No. 09C259754-2.[1]  On March 13, 2013, the state court entered a judgment of conviction for conspiracy to commit kidnapping, first-degree kidnapping, extortionate collection of a debt, extortion, conspiracy to commit murder, burglary while in possession of a deadly weapon, first-degree murder with the use of a deadly weapon, and two counts of attempted murder with the use of a deadly weapon. (ECF No. 47-8.) The state court sentenced Bai to life without the possibility of parole. (*Id*.) The Nevada Supreme Court affirmed Bai's conviction. (ECF No. 48-8.)

    In December 2016, Bai filed a state petition for writ of habeas corpus. (ECF No. 48-15.) The state court denied post-conviction relief. (ECF No. 49-16.) Bai filed a post-conviction appeal.

---

[1] The Court takes judicial notice of the online docket records of the Eighth Judicial District Court and Nevada appellate courts. The docket records may be accessed by the public online at: https://www.clarkcountycourts.us/Anonymous/default.aspx and http://caseinfo.nvsupremecourt.us/public/caseSearch.do.

(ECF No. 49-13.) The Nevada Supreme Court affirmed the denial of relief in October 2020, and a remittitur issued the following month. (ECF No. 50-2.) On November 5, 2020, Bai initiated this federal habeas corpus proceeding *pro se*. (ECF Nos. 1, 7.) The Court appointed counsel and on January 25, 2021, Bai filed his first amended petition. (ECF Nos. 12, 17.) On August 24, 2021, Bai filed his second amended petition. (ECF No. 24.)

Respondents argue that Bai filed his second amended petition after the running of the Antiterrorism and Effective Death Penalty Act's ("AEDPA") one-year statute of limitations and move to dismiss Grounds 5(a) and 6 because they do not relate back to Bai's petitions that were timely filed. (ECF No. 53 at 7-9.) Respondents further argue, in the alternative, that Grounds 5(a) and 6 should be dismissed as unexhausted. (*Id*. at 10-12.) In addition, Respondents move to dismiss Grounds 1 and 2 as non-cognizable. (*Id*. at 13-16.)

**Discussion**

**I.    Motion to Dismiss**

    **a.   Relation Back**

Respondents argue that Grounds 5(a) and 6 do not relate back to a timely-filed petition and should thus be dismissed as untimely. (ECF No. 53 at 7-9.) AEDPA imposes a one-year statute of limitations on the filing of federal habeas corpus petitions. 28 U.S.C. § 2244(d). A new claim in an amended petition that is filed after the expiration of AEDPA's one-year limitation period will be timely only if the new claim relates back to a claim in a timely-filed pleading under Rule 15(c) of the Federal Rules of Civil Procedure. Under Rule 15(c), a claim relates back if the claim arises out of "the same conduct, transaction or occurrence" as a claim in the timely pleading. *Mayle v. Felix*, 545 U.S. 644 (2005).

For habeas petitions, "relation back depends on the existence of a common core of operative facts uniting the original and newly asserted claims." *Id*. at 659. New claims in an amended habeas petition do not arise out of "the same conduct, transaction or occurrence" as prior claims merely because they challenge the same trial, conviction, or sentence. *Mayle*, 545 U.S. at 661; *Hebner v. McGrath*, 543 F.3d 1133, 1134 (9th Cir. 2008) ("It is not enough that the new argument pertains to the same trial, conviction, or sentence."). Rather, to properly relate back, a

new claim must arise from the same collection of facts alleged in the earlier petition. *Mayle*, 545 U.S. at 661; *Schneider v. McDaniel*, 674 F.3d 1144, 1151 (9th Cir. 2012) (holding that one shared fact in two divergent legal theories was "not sufficient to conclude that they arise out of a common *core* of operative facts"). An amended habeas petition "does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type" from those alleged in the timely petition. *Mayle*, 545 U.S. at 650.

The parties do not dispute that the original and first amended petition were timely filed and that the second amended petition was filed after the expiration of the one-year time limitation. Respondents argue that Grounds 5(a) and 6 do not relate back to claims alleged in either Bai's original or first amended petition and should therefore be dismissed. (ECF No. 53 at 7-9.)

**i. Ground 5(a)**

In Ground 5(a), Bai alleges that trial counsel rendered ineffective assistance for failure to secure the testimony of Bai's father. (ECF No. 24 at 35.) He asserts that trial counsel requested a continuance of trial less than two weeks before the date that trial was set to begin based on the necessity of obtaining testimony of Bai's father. (*Id*.) He further asserts that trial counsel was deficient for failing to request a continuance sooner and that Bai was prejudiced by trial counsel's failure to secure such testimony. (*Id*.)

In ground 1 of Bai's original *pro se* petition, he alleges that court appointed counsel rendered ineffective assistance because they "failed to do an early investigation as to the calling of an important witness Mr. Bai's father…" and "by not calling Bai's father at a much needed alertness time period, trial counsel's [sic] has forever lost the opportunity to get Bai's father's testimony…" (ECF No. 1-1 at 3.) Applying the liberal construction accorded to *pro se* filings, the Court finds that the claim alleged in Bai's *pro se* petition shares a sufficiently similar core of operative fact with Ground 5(a) to render Ground 5(a) timely. *See Porter v. Ollison*, 620 F.3d 952, 958 (9th Cir. 2010). Both are ineffective assistance of counsel ("IAC") claims based on trial counsel's failure to secure Bai's father's testimony. The legal theory is the same and the counseled Ground 5(a) merely "expands or modifies the facts alleged in the earlier pleading, restates the original claim with greater particularity, or amplifies the details of the transaction alleged in the

3

preceding pleading." *Ross v. Williams*, 950 F.3d 1160, 1168 (9th Cir. 2020) (citing 6A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1497 (3d ed. 2019) (internal brackets and quotation marks omitted)). Accordingly, Ground 5(a) is timely.

### ii. Ground 6

In Ground 6, Bai alleges that appellate counsel rendered ineffective assistance for failure to appeal the insufficiency of the evidence to convict Bai of count 9, attempted murder with use of a deadly weapon. (ECF No. 24 at 38.) Respondents argue that Bai asserted a similar claim in his earlier petitions, but failed to "argue/address deficient performance," and "failed to allege prejudice." (ECF No. 53 at 9-10.) In Bai's original *pro se* petition, he alleges that appellate counsel was ineffective for failure to raise on direct appeal the insufficiency of the evidence to convict Bai of attempted murder with use of a deadly weapon. (ECF No. 1-1 at 5.) Bai also asserted the claim in ground 17 of his first amended petition. (ECF No. 17 at 76-77.)

The Court is persuaded that Ground 6 relates back to ground 17 in Bai's timely first amended petition. The governing principle is that a claim, even if based upon a different legal theory, that is tied to the same core of operative facts relates back to the prior claim. *Mayle*, 545 U.S. at 659 & n.5. The claims are tied to the same core operative facts – insufficiency of the evidence to convict Bai of count 9, attempted murder with use of a deadly weapon. In ground 17 of his first amended petition, Bai alleges that appellate counsel rendered ineffective assistance, implicitly asserting that counsel was deficient, and that Bai was prejudiced. Nonetheless, even if the IAC claim presents a different legal theory, the claim is tied to the same core of operative facts. *See, e.g.*, *Ha Van Nguyen v. Curry*, 736 F.3d 1287, 1296-97 (9th Cir. 2013) (amended claim of ineffective assistance of counsel for failing to raise double jeopardy claim related back to substantive claim in original petition). Accordingly, Ground 6 is timely.

### b. Exhaustion

A habeas petitioner first must exhaust state court remedies on a claim before presenting that claim to the federal courts. 28 U.S.C. § 2254(b)(1)(A). To exhaust state remedies, a petitioner must present the substance of his claim to the state courts, and the claim presented to the state courts must be the substantial equivalent of the claim presented to federal court. *Picard v. Connor*,

404 U.S. 270, 278 (1971).  The state courts have been afforded a sufficient opportunity to hear an issue when the petitioner has presented the state court with the issue's factual and legal basis.  *Weaver v. Thompson*, 197 F.3d 359, 364 (9th Cir. 1999).  *See also Scott v. Schriro*, 567 F.3d 573, 582–83 (9th Cir. 2009) ("Full and fair presentation additionally requires a petitioner to present the substance of his claim to the state courts, including a reference to a federal constitutional guarantee and a statement of facts that entitle the petitioner to relief.").

A petitioner may reformulate his claims so long as the substance of his argument remains the same.  *Picard*, 404 U.S. at 277–78 ("Obviously there are instances in which the ultimate question for disposition will be the same despite variations in the legal theory or factual allegations urged in its support.... We simply hold that the substance of a federal habeas corpus claim must first be presented to the state courts.") (internal citations and quotation marks omitted).

Respondents argue that Grounds 5(a) and 6 are unexhausted.  (ECF No. 53 at 10-12.)

### i. Ground 5(a)

Respondents argue that Bai did not fairly present Ground 5(a) to the Nevada Supreme Court. (ECF No. 53 at 11.)  They assert that Bai alters his allegations in his second amended petition by now arguing that trial counsel erred in requesting a continuance less than two weeks before trial was set to begin and by now making an argument related to trial counsel's motion for reconsideration.  (*Id*.)

The Court is persuaded that Ground 5(a) is exhausted.  On appeal, Bai presented a claim to the Nevada Supreme Court alleging that trial counsel rendered ineffective assistance for failure to produce Bai's father for trial testimony including allegations related to trial counsel's request for a continuance on November 5, 2012.  (ECF No. 49-21 at 25-28.)  Nothing in federal Ground 5(a) fundamentally alters the exhausted claim or places it in a different and significantly stronger evidentiary posture than when it was presented to the state courts.  *See generally Dickens v. Ryan*, 740 F.3d 1302, 1318 (9th Cir. 2014) (en banc) (allegedly new factual allegations do not render a claim unexhausted if the allegations do not fundamentally alter the legal claim considered by the state courts or place the case in a significantly different and stronger evidentiary posture than when the state courts considered the claim).  Ground 5(a) is exhausted.

        **ii. Ground 6**

Respondents argue that Bai failed to exhaust Ground 6 because Bai did not fairly present this claim to the Nevada Supreme Court. (ECF No. 53 at 12.) They assert that Bai merely presented an insufficient evidence claim, rather than an ineffective assistance of appellate counsel claim based on appellate counsel's failure to appeal for insufficient evidence to convict Bai on count 9. (*Id*.)

The Court finds that Ground 6 is exhausted. In denying Bai's post-conviction appeal, the Nevada Supreme Court addressed a claim that "appellate counsel should have challenged the sufficiency of the evidence supporting his conviction for the attempted murder of Mr. Guo because he did not intend to kill Guo." (ECF No. 50-2 at 5.) A state supreme court decision on the merits of a claim of course exhausts the claim. *E.g.*, *Comstock v. Humphries*, 786 F.3d 701, 707 (9th Cir. 2015). Bai sufficiently presented the factual and legal basis of his claim in his appellate brief. Accordingly, Ground 6 is exhausted.

      **c. Cognizability**

To present a cognizable federal habeas corpus claim under § 2254, a petitioner must allege that he is in custody in "violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Unless an issue of federal constitutional or statutory law is implicated by the facts presented, the claim is not cognizable under federal habeas corpus. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991); *see also* Black's Law Dictionary (11th ed. 2019) (defining "cognizable" as "Capable of being known or recognized"). "A mere error of state law ... is not a denial of due process. The Due Process Clause ... safeguards not the meticulous observance of state procedural prescriptions, but the fundamental elements of fairness in a criminal trial." *Rivera v. Illinois*, 556 U.S. 148, 158 (2009) (internal citations and quotations omitted). Respondents argue that Bai fails to allege a cognizable claim for relief in Grounds 1 and 2 because the claims rely upon alleged errors of state law rather than clearly established federal law. (ECF No. 53 at 13.)

        **i. Ground 1**

In Ground 1(a), Bai alleges that the state trial court denied his requests for a continuance to secure a necessary witness in violation of his Fifth, Sixth, and Fourteenth Amendment rights.

(ECF No. 24 at 12.) In Ground 1(b), he alleges that the state trial court excluded testimony of an expert witness regarding Bai's flight or fight response in violation of his Fifth, Sixth, and Fourteenth Amendment rights. (*Id*. at 16.)

Respondents argue that the Nevada Supreme Court denied Bai's claims in Ground 1 concluding that the trial court did not abuse its discretion. (ECF No. 53 at 14-15.) Bai argues that he raised his claim on direct appeal citing violations of his due process rights under the Sixth and Fourteenth Amendments and cited to United States Supreme Court cases, including *Chambers v. Mississippi*, 410 U.S. 284 (1973), and *Washington v. Texas*, 388 U.S. 14 (1967). (ECF No. 55 at 8.) He further asserts that in support of Ground 1(b) he cited a Nevada Supreme Court case, *Pineda v. State*, 88 P.3d 827 (2004), which refers to the federal constitution. (*Id*.) Respondents reply that Bai attempts to mutate a state law issue into one of federal constitutional law by invoking the specter of a due process violation. (*Id*. at 13.)

Bai's claim in Ground 1(a) that the trial court denied his requests for a continuance to secure a necessary witness is based on an alleged violation of the due process clause as recognized in *Ungar v. Sarafite*, 376 U.S. 575 (1964).[2] Thus, it is cognizable in this proceeding. As for Ground 1(b), a state evidentiary ruling does not give rise to a cognizable federal habeas claim unless the ruling violated a petitioner's due process right to a fair trial. *See Estelle v. McGuire*, 502 U.S. 62, 70 (1976). The question of whether the alleged violation in this case rose to the level of a due process violation is not a question that should be resolved on a motion to dismiss. The motion to dismiss Ground 1 as non-cognizable will therefore be denied.

### ii. Ground 2

In Ground 2, Bai alleges that the state trial court violated his due process rights under the Fifth and Fourteenth Amendments by allowing irrelevant, prejudicial evidence. (ECF No. 24 at

---

[2] "The matter of continuance is traditionally within the discretion of the trial judge, and it is not every denial of a request for more time that violates due process even if the party fails to offer evidence or is compelled to defend without counsel." *Ungar*, 376 U.S. at 589. Further, "[t]here are no mechanical tests for deciding when a denial of a continuance is so arbitrary as to violate due process. The answer must be found in the circumstances present in every case, particularly in the reasons presented to the trial judge at the time the request is denied." *Id*.

18.) In Ground 2(a), Bai challenges the prosecutor's allegations that Bai was a hitman who committed a contract killing. (*Id*. at 18.) In Ground 2(b), he challenges the admission of photographic evidence of Bai mimicking a video game hitman character. (*Id*. at 19.) In Ground 2(c), he challenges a question about general gang behavior posed by a juror. (*Id*. at 19-20.) In Ground 2(d), he challenges the admission of a letter written by Bai to his mother. (*Id*. at 20.)

Respondents argue that Ground 2 relates to matters of state law that are not cognizable in federal habeas. (ECF No. 53 at 16.) They contend that the claims asserted in Ground 2 are alleged under the guise of fair trial and/or due process rights violations but are actually predicated on errors of state evidentiary law. (*Id*.) The Ninth Circuit has held that, on habeas review, federal courts may not interfere with a state evidentiary ruling but may consider only whether the evidence was so prejudicial that its admission violated fundamental due process and the right to a fair trial. *Fuller v. Roe*, 182 F.3d 699, 703 (9th Cir. 1999); *Windham v. Merkle*, 163 F.3d 1092, 1102 (9th Cir. 1998); *Jeffries v. Blodgett*, 5 F.3d 1180, 1192 (1993). In Ground 2, Bai alleges that the evidence admitted was prejudicial and violated his federal constitutional rights. Ground 2 states a cognizable claim for federal habeas relief.

**II.     Motion to Seal**

Respondents seek leave to file under seal one exhibit to the index of this matter: Exhibit 113, Petitioner's Presentence Investigation Report ("PSI") (ECF No. 52-1), dated January 30, 2013. Under Nevada law, the PSI is "confidential and must not be made a part of any public record." Nev. Rev. Stat. § 176.156(5).

Having reviewed and considered the matter in accordance with *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006), and its progeny, the Court finds that a compelling need to protect Petitioner's safety, privacy, and/or personal identifying information outweighs the public interest in open access to court records. Accordingly, Respondents' motion is granted and Exhibit 113 (ECF No. 52-1) is considered properly filed under seal.

**IT IS THEREFORE ORDERED:**

1. Respondents' Motion to Dismiss (ECF No. 53) is DENIED.

2. Respondents must file an answer to the second amended petition (ECF No. 24) within

60 days of the date of this order. Petitioner will have 30 days from service of the answer within which to file a reply.

3. Respondents' Motion for Leave to File Exhibit under Seal (ECF No. 51) is GRANTED.

DATED: June 7, 2022

                                                            KENT J. DAWSON  
                                                            UNITED STATES DISTRICT JUDGE